# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| EHRENFRIEDE PAHEE KAUAPIRURA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-1782 |
| v. | ) | (Filed: March 23, 2026) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ehrenfriede Pahee Kauapirura, Brooklyn, NY, pro se.

Tate Nathan Walker, United States Department of Justice, Washington, DC, with whom were Tara K. Hogan, Patricia M. McCarthy, and Brett A. Shumate, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

On October 21, 2025, pro se Plaintiff Ehrenfriede Pahee Kauapirura filed a Complaint in this court seeking declaratory and unspecified monetary relief arising from the United States' alleged breach of contract and failure to tender certain "GSA form bonds." Compl. at 6–7, Dkt. No. 1. Ms. Kauapirura also seeks to be released from "constructive incarceration custody" following her "false conviction, false[] sentencing and false incarceration." Id. at 8.

Before the Court is the government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Dkt. No. 7. For the reasons discussed below, Ms. Kauapirura's claims have no merit and are premised upon a legal fiction that is insufficient to establish jurisdiction in this Court. Therefore, the Court grants the government's Motion and dismisses Plaintiff's Complaint.

## DISCUSSION

The Tucker Act grants the Court of Federal Claims the authority "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, "must identify a separate

source of substantive law that creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

Pleadings submitted by a pro se plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and are "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, a pro se plaintiff still bears "the burden of establishing jurisdiction by a preponderance of the evidence." Roman v. United States, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013)).

Allegations of subject-matter jurisdiction "must satisfy a relatively low standard" to survive a motion to dismiss under RCFC 12(b)(1). Boeing Co. v. United States, 968 F.3d 1371, 1383 (Fed. Cir. 2020). Nonetheless, the Court will not accept as true allegations that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." Id. (quoting Shapiro v. McManus, 577 U.S. 39, 45 (2015)).

While her Complaint is at best cryptic, the documents Ms. Kauapirura submitted along with it reflect that her claims are based on the unorthodox and frivolous legal theories promoted by the so-called "sovereign citizen" movement. For example, along with her Complaint, Ms. Kauapirura submitted what she claims is a contract with the United States Department of Treasury ("Treasury") which she alleges entitles her to unspecified monetary relief. Compl. at 6–7; Dkt. No. 1-4. This supposed treasury contract states that "Ehrenfriede-Pahee: Kauapirura ©" is a "sovereign created by God" and a "living woman" as opposed to "EHRENFRIEDE PAHEE KAUAPIRURA," who is supposedly a "legal fiction" that is a "surety for the United States." Dkt. No. 1-4 at 3, 12–13, 16–17. The document further states that Ms. Kauapirura has the "right to revoke or deny consent to be represented and thus governed" by the United States and she "then may exist free of government control and statutory restraints." Id. at 4. The document also declares Ms. Kauapirura's birth certificate is a "deposit receipt" representing a "prepaid account" and her social security number is a trust account number. Id. at 10–11.

These claims are hallmarks of the "sovereign citizen" movement and its commonly employed "redemption" claim. See, e.g., Polinski v. United States, 178 Fed. Cl. 736, 746 (2025) (describing and rejecting a similar "redemption" claim); Gravatt v. United States, 100 Fed. Cl. 279, 283 (2011) (citing Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007)) (same); Potter v. United States, 161 Fed. Cl. 24, 28–29 (2022) (same); Rivera v. United States, 105 Fed. Cl. 644, 646 (2012) (same). Further, Plaintiff's stylization of her name using bizarre punctuation, reference to herself as a corporate entity and a stateless person, misapplied citations to the Uniform Commercial Code, and unfounded distinctions between law and statute are further indications of a sovereign citizen theory. See, e.g., Gravatt, 100 Fed. Cl. at 283 (quoting Bryant, 524 F. Supp. 2d at 758)); Anderson v. United States, No. 25-1544, 2025 WL 3720429, at *3 n.4 (Fed. Cl. Dec. 23, 2025). In addition, affidavits from a "Sir Gary Lee" have been submitted in previous frivolous sovereign citizen actions. See, e.g., Brown v. Wickey, No. 4:25-cv-01045-JSD, 2025 WL 3227553 (E.D. Mo. Nov. 19, 2025); Complaint, Anderson, No. 25-1544, 2025 WL 3720429 (Fed. Cl. Dec. 23, 2025).

Claims based upon the sovereign citizen theory have been routinely and unanimously rejected as frivolous, not only by this court, see, e.g., Polinski, 178 Fed. Cl. 736; Gravatt, 100

2

Fed. Cl. 279; Potter, 161 Fed. Cl. 24, but by courts across the country, see, e.g., United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); Charlotte v. Hansen, 433 F. App'x 660, 661 (10th Cir. 2011); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992). Such frivolous claims are insufficient to establish jurisdiction. See Boeing Co. v. United States, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (quoting Shapiro v. McManus, 577 U.S. 39, 45–46 (2015)) ("Allegations of subject matter jurisdiction, to suffice, . . . must exceed a threshold that 'has been equated with such concepts as "essentially fictitious," "wholly insubstantial," "obviously frivolous," and "obviously without merit." ' ").

Finally, after briefing on the government's Motion to Dismiss was completed, Ms. Kauapirura submitted three additional documents. These documents largely reiterate the same arguments made in Ms. Kauapirura's other filings, and no provision in the Rules of the Court of Federal Claims provides for the filing of these documents. As such these defective submissions are rejected.

## **CONCLUSION**

For the foregoing reasons, the Court the government's Motion to Dismiss, Dkt. No. 7, is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Plaintiff's application to proceed in forma pauperis, Dkt. No. 2, is **GRANTED** for purposes of this order. Ms. Kauapirura's Motion for Summary Judgment, Dkt. No. 10, is **DENIED as moot**.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken would not be in good faith.

The Clerk is directed to enter judgment against the plaintiff. No costs are awarded.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge